UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHEMICAL BANK,<br><br>　　　　　　　　Plaintiff,<br>v.<br>STAR DEVELOPMENT & HOLDING, LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:16-cv-01523-MMD-PAL<br><br>ORDER<br><br>(Mot Amd Ans and Cont Disc – ECF No. 18) |

Before the court is Defendant's Motion for Leave to File an Amended Answer and Continue Discovery (First Request) (ECF No. 18) filed September 25, 2017. The court has considered the motion, plaintiff's Opposition (ECF No. 19), Defendant's Reply (ECF No. 20), and the arguments of counsel at a hearing conducted November 14, 2017. Sydney Gambee appeared on behalf of plaintiff, and C.J. Barnabi appeared on behalf of defendants.

## **BACKGROUND**

The Complaint (ECF No. 1) was filed June 27, 2017. The complaint alleges that the plaintiff is a Michigan state chartered bank formed under the laws of Michigan with its principle place of business in Troy, Michigan doing business in Clark County, Nevada. Complaint ¶1. Defendant Star Development & Holding, LLC ("Star Development") is a limited liability company that was organized and exists under the law of the State of Nevada. *Id.* Defendant Michael Wilson ("Wilson") is an individual and citizen of the State of Nevada. This is a diversity action arising out of a May 2, 2008 business loan agreement entered into between Star Development and Bank of Las Vegas ("BLV"). *Id.* ¶8. Star Development agreed to borrow and BLV agreed to lend Star Development $226,970.00. *Id.* The loan was secured by a promissory note in the same amount. *Id.* ¶9. Wilson guaranteed the payment of present and future indebtedness of Star Development to BLV. *Id.* ¶10. The terms of the parties' agreement were changed from time to

time including the terms of the note, and the maturity date was extended. *Id.* ¶11. BLV merged with Michigan Commerce Bank on January 1, 2014, which resulted in the bank known as Talmer West Bank. *Id.* ¶12. On August 14, 2015, Talmer West Bank merged into Talmer making Talmer the successor-in-interest to Bank of Las Vegas. *Id.* ¶ 13. As a result, Talmer is the holder of the note and entitled to enforce its rights under the note, guaranty, and related loan documents. *Id.* ¶14. Defendants have failed to make payments as required under the loan.

Based on these complaint allegations, Talmer has asserted claims for breach of contract. The prayer for relief seeks actual and compensatory damages in an amount in excess of $75,000.00, an award of consequential and incidental damages, prejudgment interest and costs of suit, special damages including attorney's fees, and any other relief the court deems just and proper.

Star Development filed an Answer (ECF No. 9) March 28, 2017. Wilson filed a separate Answer (ECF No. 10) the same date. The parties submitted a Proposed Discovery Plan and Scheduling Order (ECF No. 12) which requested special scheduling review and nine months to complete discovery. The court reviewed the matter and denied the parties' request finding the request for special scheduling review did not establish good cause for longer or different periods than those deemed presumptively reasonable by LR 26-1. The court therefore entered a standard 180-day plan requiring the parties to complete discovery by September 25, 2017. *See* Order (ECF No. 15). On May 15, 2017 the parties filed a stipulation and prosed order amend the caption to substitute the real plaintiff party in interest as Chemical Bank, the surviving entity after a merger with Talmer Bank and Trust (ECF No 13) which was approved by the district judge (ECF No 14).

The current motion was filed the last day of the discovery cutoff. Defendants seek leave to amend the complaint to assert an affirmative defense under Nevada's "one-action rule" codified in NRS 40.430(1). Defendants also request an additional 120 days in which to complete discovery. The motion argues that leave to amend the complaint is liberally allowed under Fed. R. Civ. P. 15(a). Under Nevada's one-action rule, a debtor can compel a creditor foreclose on the property before enforcing a guaranty. Plaintiff in this case has not done so although defendants assumed it would during the course of these proceedings. Defendants argue that only minimal discovery has been done and plaintiff will not be prejudiced by an extension of the discovery plan and scheduling

2

order deadlines. Plaintiff served a set of written discovery on each defendant and the depositions of the defendants were taken on September 13, 2017. Multiple Rule 26 disclosures have been exchanged. However, defendants have been unable to locate several key witnesses which the bank disclosed because the Bank of Las Vegas has long since been closed. Defendants request a 120-day extension to supplement its discovery and to conduct follow up discovery, file expert reports for the underlying value of the property, and file a motion to dismiss this case until plaintiff complies with the one-action rule.

Plaintiff opposes the motion arguing this is a simple breach of contract case. Defendants' unsubstantiated and unwarranted assumptions that the plaintiff would seek to exercise its rights with respect to the property securing the loan do not justify reopening discovery. The defendants' excuses for failing to conduct any discovery in this case do not demonstrate excusable neglect. Defendants have known all along that plaintiff has not foreclosed on the underlying real property, yet they waited until the last day of the discovery cutoff to try to amend their answers and "scramble for additional time to complete discovery." Plaintiff points out that he court denied the parties' request for special scheduling review and entered a standard 180-day plan which established a September 25, 2017 discovery cutoff. Plaintiff served initial disclosures and two supplements during the discovery period. Defendants served their initial disclosures and responses to plaintiff's written discovery, but served no written discovery of their own and noticed no depositions during the discovery period.

The opposition acknowledges that although leave to amend is liberally allowed under Rule 15(a), once the deadline established by the court's scheduling order for filing a motion to amend the pleadings has passed, leave to amend is governed by Rule 16, not Rule 15. Defendants have not established good cause to modify the scheduling order. However, even if good cause existed, the movant must demonstrate it is entitled to amend under Rule 15(a). Citing *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir, 2011), defendants point out that in the Ninth Circuit, the court considers five factors in assessing the propriety of leave to amend. The court should deny the motion for leave to amend because defendants have not established good cause or

that their failure to timely move is the result of excusable neglect. Additionally, defendants have not shown good cause to reopen the discovery deadlines.

Finally, defendants argue that leave to amend should be denied because of plaintiff's undue delay and because allowing amendment would be futile at this point. Defendants have not identified the specific discovery they intend to complete during the extended discovery cutoff if granted. Plaintiff completed all of its discovery within the time the court allowed and should not be forced to wait while defendants complete the discovery they should have completed before the cutoff. Plaintiff cites *Hefetz v. Bavor*, 397 P.3d 472, 474, 478 (Nev. 2017) for the proposition that the Nevada Supreme Court has held that the one-action rule must be timely interposed as an affirmative defense in a party's responsive pleading or it is waived. The defendants have never before attempted to raise the one-action rule as an affirmative defense and should not be permitted to do so on the last day of discovery.

Defendants reply that at its core the defendants are seeking to assert an affirmative defense under Nevada law. This is a fundamental right afforded by the Nevada Legislature. While plaintiff may claim prejudice or carelessness "such arguments are immaterial since they have elected not to proceed as an ordinary secured lender." If this is such a simple contract case as plaintiff claims, they should mitigate their damages just like any other contract case. Defendants should be allowed to file an amended answer because plaintiff has failed to comply with the one-action rule or mitigate its damages. Therefore, good cause for amendment exists. There is no basis for denying the motion to amend because the Ninth Circuit has held that leave to amend should be granted with "extreme liberality." The discovery deadline should be extended and additional discovery undertaken for plaintiff to be able to pursue its one-action rule affirmative defense. Therefore, the court should grant the motion to file an amended answer and extend discovery for an additional 120 days.

## **DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once "as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). After that, a party may amend its pleading only by leave of the court or with the opposing party's written

4

consent. Fed. R. Civ. P. 15(a)(2). The court has discretion to grant leave and should freely do so "when justice so requires." *Id.*[1] *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (district courts have broad discretion in supervising the pretrial phase of litigation). However, when a pretrial scheduling order has been entered pursuant to Rule 16, a request for leave to amend the pleadings is controlled by Rule 16(b), rather than Rule 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992); *see also Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP.*, 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006) (noting that after a court has entered a scheduling order, "a request to amend the pleadings no longer is governed by Rule 15; rather, Rule 16 controls") (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). Only if a movant establishes good cause to modify the scheduling order under Rule 16 does the court consider whether amendment is proper under Rule 15. *See Johnson*, 975 F.2d at 609.

Rule 16(b) and Local Rules 6-1 and 26-4 require a showing of "good cause" before modifying a scheduling order. Fed. R. Civ. P. 16(b); LR 6-1; LR 26-4. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension"). A party's carelessness cannot support a finding of diligence. *Id.* Although the court may consider prejudice to an opposing party, if the moving party was not diligent in seeking to modify a scheduling order, "the inquiry should end." *Coleman*, 232 F.3d at 1294–95 (citing *Johnson*, 975 F.2d at 609); *see also U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir.1985) (court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made); *see also Dedge*

---

[1] Notwithstanding the liberal application of Rule 15, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

5

*v. Kendrick*, 849 F.2d 1398 (11th Cir. 1988) (motion filed after the scheduling order cut-off date is untimely and may be denied solely on that ground).

In addition to showing good cause, Plaintiff must also establish that its failure to act was the result of excusable neglect. *See* LR 26-4(a) (a request to extend a scheduling order deadline made less than twenty-one days before expiration of that deadline must be supported by a showing of excusable neglect in addition to the good cause required by LR 6-1 and Rule 16). Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer,* 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir. 2004).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (internal citation omitted). Requiring compliance with a scheduling order does not "simply exalt procedural technicalities over the merits." *Id.* As the Ninth Circuit has recognized, disregarding the scheduling order undermines the court's ability to control its docket, disrupts the agreed upon course of litigation, and rewards the indolent and cavalier. *Id.* Additionally, Rule 16 may not be short circuited by an appeal to the liberal amendment standards of Rule 15. *Id.*

Having reviewed and considered the moving and responsive papers, and the arguments of counsel at the hearing, the motion will be denied. During oral argument counsel for defendants stated that approximately $80,000 is in dispute in this case. The motion was filed on the last day of the standard 180-day discovery cutoff. The court entered a standard plan because the parties' request for special scheduling review failed to show good cause for a nine-month discovery period

6

in this relatively simple breach of contract case. The defendants have not shown good cause, let alone excusable neglect, for their failure to assert an affirmative defense with their initial answers, or by the June 26, 2017 deadline for filing a motion to amend. Defendants failed to conduct any discovery of their own at all throughout the six-month period allowed under the court's discovery plan and scheduling order. By contrast, plaintiff timely completed the discovery it requires. The motion to amend was filed 3 months late. The discovery plan and scheduling order established a June 26, 2017 deadline for filing motions to amend the pleadings and add parties. The current motion was filed September 25, 2017.

Where, as here, a motion to amend is filed after the deadline established by a scheduling order, Rule 16(b), rather than Rule 15(a), applies. The defendants have shown complete and utter disregard of the court's discovery plan and scheduling order, and the requirements of the Local Rules of Practice. As the Ninth Circuit has recognized, a scheduling order is not a frivolous piece of paper that may be cavalierly disregarded. The court enters scheduling orders to control its docket and parties who cavalierly disregard the deadlines established by the court delay proceedings, and congest the docket. A scheduling order is entered to bring cases to trial or resolution within a reasonable period of time, and the Ninth Circuit has clearly held that disruption of the court's discovery plan and order deadlines is not harmless. Moreover, defendants' request that the court reopen discovery for an additional 120 days, but have not complied with the requirements of LR 26-1 or LR 26-4. Were the court to grant the motion, discovery would essentially start over. Defendants have not been diligent and made no attempt to conduct discovery during the time deemed presumptively reasonable under LR 26-1.

Finally, the Nevada Supreme court has held that the one action rule may be waived. Plaintiff's response to the motion points out the written guarantee agreement at issue in this case contains an express waiver of the one action rule defense. See, Exhibit "3" to plaintiff's response. ("Guarantor waives any right to require Lender …to proceed directly against or exhaust any collateral held by Lender from Borrower" and "Guarantor also waives any and all rights or defenses arising by reason of any 'one action' or 'anti-deficiency' law which may prevent Lender

from bringing any action, including a claim for deficiency, against Guarantor, before or after Lender's commencement or completion of any foreclosure action.").

For these reasons,

**IT IS ORDERED** that Defendants' Motion for Leave to File an Amended Answer and Continue Discovery (First Request) (ECF No. 18) is **DENIED**.

DATED this 17th day of November, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE